IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHLORINDA MOORE                                                              PLAINTIFF

V.                                                      CAUSE NO. 3:17-CV-00159-CWR-FKB

KIMCO FACILITIES SERVICES AND                                               DEFENDANTS
BASS PRO SHOPS

## ORDER

Before the Court is Defendant Bass Pro Shops' Motion to Dismiss. Docket No. 7. *Pro se* Plaintiff Chlorinda Moore has responded, Docket No. 14, and the matter is ready for review.

In February 2017, Moore submitted a Charge of Discrimination to the EEOC, alleging that Defendant Kimco Facility Services "wrongfully discharged [her] in violation of Title VII of the Civil Rights Act of 1964, as amended." Docket No. 1-1 at 1.

A month later, Moore filed this action against Kimco and Bass Pro. Docket No. 1. Bass Pro now seeks dismissal of the claims raised against it. Docket No. 8.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court accepts all factual allegations as true and makes all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. at 677-78 (quotation marks and citation omitted). "Regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Rogers v. Raycom Media, Inc.*, 628 F. App'x 324, 325 (5th Cir. 2016).

Bass Pro contends that dismissal is warranted because Moore was not its employee. The Court agrees.

"As Title VII prohibits discrimination in the employment context, *see* 42 U.S.C. § 2000e–2(a), 2000e–5, generally only employers may be liable under Title VII." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted). This means that the plaintiff must prove "that an employment relationship existed between him and that defendant." *Canon v. Bd. of Tr. of State Inst. of Higher Learning of Miss.*, 133 F. Supp. 3d 865, 869 (S.D. Miss. 2015). The court considers "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." *Aguiniga v. Delgado*, No. 3:15-CV-562-DPJ-FKB, 2016 WL 3620728, at *3 (S.D. Miss. June 28, 2016).

Here, the Complaint states that Moore worked for Kimco. Docket No. 1. All of the supervisors and other employees involved in the alleged incident were also employed by Kimco. *Id*. And after Moore was fired, she reported the incident only to Kimco. Docket No. 14 at 2. Moore has therefore failed to show that an employment relationship existed between her and Bass Pro. Dismissal is appropriate.

Even if Moore was employed by Bass Pro, she failed to exhaust her administrative remedies before filing this suit. "A plaintiff must file a charge of discrimination with the EEOC before a court may consider her Title VII claims." *Preston v. Tex. Dept. of Family and Protective Serv.*, 222 Fed. App'x 353, 356 (5th Cir. 2007). The Fifth Circuit recognizes a general rule that "a party not named in an EEOC charge may not be sued under Title VII." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014) (citation omitted).

Assuming for present purposes that the Charge was properly filed, Moore did not name Bass Pro. *Id*. at 6. Accordingly, Moore has failed to exhaust her administrative remedies and her claims against Bass Pro are dismissed.

For these reasons, the Motion to Dismiss is granted.

**SO ORDERED**, this the 3rd day of October, 2017.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE